UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMIN BOOKER,

        Plaintiff,

    v.                                  17-CV-320
                                      ORDER
PAUL CHAPPIUS, JR., et al.,

        Defendants.

On April 13, 2017, the *pro se* plaintiff, Amin Booker, a prisoner confined at the Elmira Correctional Facility, filed a complaint asserting claims under 42 U.S.C. § 1983. Docket Item 1. Booker also submitted an incomplete motion to proceed *in forma pauperis*. Docket Item 2. On May 5, 2017, the Court denied Booker's motion to proceed *in forma pauperis* without prejudice and administratively closed the case. Docket Item 3. The Court explained that it would reopen the case if Booker submitted the $400 in filing fees or filed a properly supported motion to proceed *in forma pauperis*. *Id.*

Booker again moved to proceed *in forma pauperis* on May 24, 2017. Docket Item 5. The Court granted that motion, screened Booker's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and granted him leave to amend. Docket Item 6.

Booker filed an amended complaint on August 1, 2018. Docket Item 11. The Court then screened Booker's amended complaint and on July 8, 2019, issued an order dismissing with prejudice all claims against defendants Anthony Annucci, Mary Cotter, and Jeff McKoy. Docket Item 15. With respect to the remaining defendants, the Court

allowed Booker's free-exercise and denial-of-a-religious-diet claims to proceed but dismissed his other claims. *Id.* The Court also ordered the New York State Attorney General's Office to identify the full name of defendant John Doe—the Director of State Prison Food Production—and to provide an address where he could be served. *Id.* at 10.

On July 22, 2019, Booker moved for reconsideration and for a certificate granting interlocutory appeal under 28 U.S.C. § 1292(b). Docket Item 18. On September 4, 2019, Booker moved to withdraw the claims against defendant McKoy raised in his motion for reconsideration. Docket Item 21. On October 28, 2019, Booker moved to extend his time to serve the defendants. Docket Item 23.

On November 8, 2019, Booker asked the Clerk of Court to enter a default against defendants Paul Chappius, Jr., Daniel F. Martuscello, Gary Taylor, and Robert Schattinger. Docket Item 25. On November 12, 2019, the Clerk entered a default as to defendants Chappius and Taylor, Docket Item 26, but declined to enter a default against defendants Martuscello and Schattinger because those defendants' summonses had been returned unexecuted.

On November 19, 2019, defendants Chappius, Martuscello, and Taylor answered the amended complaint. Docket Item 27. On November 21, 2019, Booker moved to enforce the Court's order directing identification of John Doe and service on defendants Schattinger and Donald Venettozzi. Docket Item 28. On November 25, 2019, the Attorney General's office sent a letter to the Court identifying the John Doe defendant as defendant Schattinger. Docket Item 30.

On December 10, 2019, defendants Chappius and Taylor moved to set aside the Clerk's entry of default. Docket Item 31. Counsel for all defendants stated that he had returned the acknowledgements of service for all five defendants, but for some reason defendants Martuscello's, Schattinger's, and Venettozzi's acknowledgements were not docketed. Docket Item 31-1 at 2-4. Defendants Schattinger and Venettozzi answered the amended complaint on December 11, 2019. Docket Item 33.

On February 10, 2020, Booker responded to Chappius's and Taylor's motion to set aside the default and asked the Court to "order[ ] the [C]lerk to enter . . . default against defendants Schattinger and Martuscello" as well. Docket Item 36. On February 21, 2020, the defendants responded, Docket Item 37, and on March 5, 2020, Booker replied, Docket Item 38.

For the reasons that follow, Booker's motion for reconsideration and for interlocutory appeal, Docket Item 18, is granted in part and denied in part. Booker's motion to withdraw his claims against defendant McKoy, Docket Item 21, is granted. Booker's motions for an extension of time to serve the defendants, Docket Item 23, and to enforce this Court's prior order, Docket Item 28, are denied as moot. The motion by defendants Chappius and Taylor to set aside the Clerk's entry of default, Docket Item 31, is granted, and Booker's request for the entry of default against defendants Schattinger and Martuscello, Docket Item 36, is denied.

## BOOKER'S MOTIONS

### I. MOTION FOR RECONSIDERATION

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding

3

authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Thus, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### A. Due-Process and Cruel-and-Unusual-Punishment Claims

The Court has reviewed the arguments in Booker's motion for reconsideration regarding his due-process and cruel-and-unusual-punishment claims, but none surpasses the exceedingly high bar for such a motion. More specifically, Booker does not point to any "matters . . . that might reasonably be expected to alter the conclusion reached by the [C]ourt." *Id.* Accordingly, Booker's motion for reconsideration is denied with respect to those claims.

### B. Religious-Land-Use-and-Institutionalized-Persons-Act Claim

Booker argues that the Court incorrectly dismissed his claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). "In practice, RLUIPA claims are evaluated under a burden-shifting framework whereby a plaintiff must first demonstrate that the state has imposed a substantial burden on the exercise of her religion." *Williams v. Annucci*, 895 F.3d 180, 188 (2d Cir. 2018). "[T]he burden then shifts to the

4

state to demonstrate 'that the challenged policy or action furthered a compelling governmental interest and was the least restrictive means of furthering that interest.'" *Id.* (quoting *Redd v. Wright*, 597 F.3d 532, 536 (2d Cir. 2010)).

In its second screening order, this Court dismissed Booker's RLUIPA claim because "that claim was dismissed without leave to amend" in the Court's first screening order. Docket Item 14 at 5 n.1 (citing Docket Item 6 at 6-7). But, as Booker observes, the Court's first order dismissed Booker's RLUIPA claim without leave to amend only "to the extent that [he] seeks (1) money damages against the defendants in their official capacities and (2) any relief under RLUIPA against any defendant in his or her personal capacity." Docket Item 6 at 7; *see also* Docket Item 18 at 3. Booker is therefore correct that his RLUIPA claim seeking injunctive relief against the defendants in their official capacities may proceed. The defendants shall file amended answers addressing this claim **within 30 days of the date of this order**.

### C. Equal-Protection Claim

Booker next argues that this Court's second screening order "did not reach a finding of fact or take notice of the applicable statutes" with respect to his claim that the defendants "provide [Special Housing Unit ('SHU')] inmates of the Jewish Faith and Rastafarian Faith with meals consistent with their religion, yet deprive[ Booker] meals consistent with his religion." Docket Item 18 at 11. Booker correctly observes that neither of this Court's screening orders analyzed his equal-protection claim, *id.* at 4; *see generally* Docket Items 6 and 15, and the Court therefore will do so here.

A state and its instrumentalities may not deny "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. At its core, the Equal

5

Protection Clause prohibits the government from treating similarly-situated persons differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Sound Aircraft Services, Inc. v. Town of East Hampton*, 192 F.3d 329, 335 (2d Cir. 1999).

Here, Booker claims that defendants "Taylor, Chappius, Schattinger, [and] Martuscello . . . have been providing Jewish and Rastafarian inmates at Elmira's SHU[ ] their religious diet law menu-Kosher foods, from 2015 to current and prior years" but refused to provide Booker with meals conforming with the dietary laws of the Nation of Islam ("NOI"). Docket Item 12 at 14. This claim is sufficient to survive screening. *See Moorish Sci. Temple of Am., Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982) (explaining that claim that "inmates of the Jewish faith were provided with alternative diets consistent with their religious beliefs, [but] state officials refused to provide [the plaintiff] with either a Muslim diet or a suitable alternative" was "sufficient to raise both equal protection and First Amendment claims and thus to withstand *sua sponte* dismissal").

Booker also alleges that the defendants "afford all other religious faith inmates confidential visits with their chaplains, but direct staff-monitored visits with [the] NOI chaplain and [Booker]." Docket Item 18 at 4. More specifically, "[s]everal religious chaplain[s] visit[ed] [SHU] inmates from April 2015 to [the present] including, Catholic, Sunni Muslim, Protestant, [and a] Jewish Rabbi." Docket Item 12 at 15. "All other religious advisors are continually afforded privacy with SHU inmates including, but not limited to March 17, 2018[,] Sunni Oman Affify, [and] June 7, 2018[,] Recon Farrow." *Id.* By contrast, defendant Chappius "direct[ed] his correctional staff to harass Booker and Minister Muhammad's religious visits by standing in the middle of them, monitoring their

6

discussions." *Id.* Booker therefore "has been unable to make confessions, obtain and share privacy, counseling or guidance on delicate matters of substance." *Id.* These allegations likewise state a claim that Booker was denied equal protection on the basis of his religion.

Thus, Booker's equal-protection claim may proceed. The defendants shall file amended answers addressing this claim **within 30 days of the date of this order**.

## II. MOTION FOR INTERLOCUTORY APPEAL

A district judge may grant an order for interlocutory appeal of an otherwise unappealable order if the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court's screening order does not meet this high standard. Accordingly, the Court denies Booker's motion for an interlocutory appeal.

## III. MOTION TO WITHDRAW CLAIMS AGAINST DEFENDANT MCKOY

As noted above, Booker moved to withdraw the claims against defendant McCoy raised in his motion for reconsideration. Docket Item 15. That motion is granted.

## IV. MOTIONS FOR EXTENSION OF TIME TO SERVE AND TO ENFORCE

In light of the representation by the defendants' counsel that he returned acknowledgments of service for all defendants and the fact that all defendants now have answered the amended complaint, Booker's motions for an extension of time to

serve the defendants, Docket Item 23, and to enforce this Court's prior order, Docket Item 28, are denied as moot.

## **DEFENDANTS' MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT**

Defendants Chappius and Taylor argue that there is "good cause" to set aside the entry of default against them. *See* Docket Item 31-2. For the reasons that follow, this Court agrees. This Court also finds that Booker is not entitled to his requested "counterclaim" default against defendants Schattinger and Martuscello. *See* Docket Item 36.

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default "for good cause." The Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* The Court may also consider "[o]ther relevant equitable factors," including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.*

Moreover, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* Thus, "'good cause' . . . should be construed generously." *Id.*

Here, the defendants have explained that their default was a "result of a personnel change at the [Attorney General's] office among the individuals responsible

8

for opening new federal court civil litigation files." Docket Item 31-2 at 3-4. The defendants' failure to timely answer was therefore "at most law office failure, not strategic or willful." *Id.*

What is more, as the defendants correctly observe, setting aside the Clerk's entry of default will not prejudice Booker. *Id.* "This case is still in the pleading stage and [d]efendants Chappius' and Taylor's [a]nswer was only approximately a month and a half late." *Id.* Indeed, the other defendants did not appear until December 11, 2019, *see* Docket Item 33, so allowing defendants Chappius and Taylor to proceed will not delay the case.

Finally, defendants Chappius and Taylor argue, they have meritorious defenses. *See* Docket Item 31-2 at 4. More specifically, "their [a]nswer contains seventeen affirmative defenses, all of which have the potential of eliminating or limiting liability in this case." *Id.* The assertion of potentially meritorious defenses cuts in favor of relieving the default as well.

For all those reasons, this Court agrees with defendants Chappius and Taylor that there is good cause to set aside the entry of default against them.

Booker also "counterclaims" that he is entitled to an entry of default against defendants Schattinger and Martuscello. *See* Docket Item 36. The docket indicates that both those defendants' summonses were returned unexecuted. *See* Docket Items 16 and 17. Defense counsel has since stated that he returned executed acknowledgements of service for defendants Schattinger and Martuscello, but for some reason they were not docketed. *See* Docket Item 37 at 4.

More specifically, defense counsel asserts that he returned defendant Martuscello's acknowledgment on August 9, 2019, and Martuscello answered the complaint on October 9, 2019. *Id.* at 3-4. Although that answer was not timely given the date that defense counsel claims he returned the acknowledgement, the defendants argue that "[d]efendant Martuscello has the same good cause reason for filing a late answer as [d]efendants Chappius and Taylor do." *Id.* at 4. Defense counsel returned defendant Schattinger's acknowledgment on November 20, 2019, and Schattinger timely answered the complaint on December 11, 2019. *Id.*

This Court agrees that there should be no entry of default against defendants Martuscello and Schattinger. Particularly given the fact that both of those defendants now have answered the complaint, it would make little sense to enter a default against them.

## **ORDER**

IT IS HEREBY ORDERED that Booker's motion for reconsideration and for interlocutory appeal, Docket Item 18, is GRANTED IN PART AND DENIED IN PART. Booker's equal-protection claim and his RLUIPA claim for injunctive relief against the defendants in their official capacities may proceed; the defendants shall file amended answers addressing those claims **within 30 days of the date of this order**; the remainder of Booker's motion for reconsideration is DENIED, and his request for interlocutory appeal is DENIED as well. Booker's motion to withdraw his claims against defendant McCoy, Docket Item 21, is GRANTED. Booker's motions for an extension of time to serve the defendants, Docket Item 23, and to enforce this Court's prior order, Docket Item 28, are DENIED AS MOOT. The motion by defendants Chappius and

Taylor to set aside the Clerk's entry of default, Docket Item 31, is GRANTED, and Booker's request for an entry of default against defendants Schattinger and Martuscello is DENIED.

SO ORDERED.

Dated: March 23, 2020
Buffalo, New York

                                              *s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE