UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMIN BOOKER,

        Plaintiff,

  v.                                  17-CV-320-LJV
                                       ORDER

PAUL CHAPPIUS, JR., *et al.*,

        Defendants.

---

On April 13, 2017, the *pro se* plaintiff, Amin Booker, commenced this action under 42 U.S.C. § 1983. Docket Item 1. He asserts claims arising from his incarceration at the Elmira Correctional Facility ("Elmira") against various Elmira officials as well as two officers of the New York State Department of Corrections and Community Supervision. Docket Item 11. On March 24, 2020, this Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 41. Since then, Judge Schroeder has overseen discovery.

On September 21, 2022, the defendants moved to compel Booker to "appear for a deposition and answer questions under oath." Docket Items 111, 111-1. Two days later, Booker moved to vacate or, in the alternative, to stay Judge Schroeder's September 2, 2023, order, Docket Item 110, extending the defendants' time to depose him, Docket Item 112. The same day, he also moved for sanctions against the defendants and to compel the defendants to make certain disclosures. Docket Item 113.

On April 28, 2023, Judge Schroeder issued a text order (the "April 28 text order") resolving the pending motions.  Docket Item 117.  The text order read, in full:

> TEXT ORDER granting 111 Motion to Compel plaintiff to appear for deposition no later than June 30, 2023 and warning plaintiff that his failure to comply may result in dismissal of this case; denying 112 reconsideration of Order on Motion to Stay/Vacate 110 Order extending Time to Depose Plaintiff and Move to Compel; denying 113 Motion for Sanctions and denying 113 Motion to Compel without prejudice pending Status Conference to resolve outstanding discovery demands and discuss potential for settlement set for 7/12/2023 at 11:00 am.  The Assistant Attorney General is directed to contact Attica Correctional Facility and arrange for plaintiff to have access to a telephone and plaintiff's legal papers at that time.  The Assistant Attorney General should advise the facility of the following instructions to follow when calling the Court for the conference and should utilize the same instructions:[ ]Dial (866) 434-5269[ ]Access Code: 6142922[.]  []Issued by Hon. H. Kenneth Schroeder Jr. on 4/28/2023. []

*Id.*

On May 11, 2023, Booker objected to the April 28 text order, Docket Item 118, which this Court construed as an appeal of that order, *see* Docket Item 120.  On May 29, 2023, the defendants responded to Booker's objections, Docket Item 121, and on June 9, 2023, Booker replied, Docket Item 122.

For the following reasons, the April 28 text order is affirmed.

## **BACKGROUND**[1]

In the nearly three years since Judge Schroeder issued the first case management order in this case, the defendants have produced several thousand pages of documents in response to Booker's discovery requests.  *See* Docket Items 61-62, 89-90.  They also have responded to a number of Booker's interrogatories.  Docket Items

---

[1] The following facts are taken from the docket and the parties' filings.

97-100, 104.  But the defendants objected to some of Booker's requests and interrogatories.  *See* Docket Item 121 at ¶ 3.

Judge Schroeder attempted to resolve the discovery dispute, but Booker remained unsatisfied.  *See* Docket Item 87.  Booker therefore moved to compel the defendants to make further disclosures and asked Judge Schroeder to sanction the defendants for their allegedly deficient production and responses.  Docket Item 113; *see id.* at 8 ("The defendants' failure to answer my requests for the production of documents . . . ha[s] prevented this case from moving forward.").

Meanwhile, the defendants notified Booker that they intended to depose him on September 14, 2022.  Docket Item 105.  Two weeks before the scheduled deposition, Booker responded that he "w[ould] not participate in th[e] deposition" because Judge Schroeder previously had ordered that depositions were to be completed no later than February 12, 2021.  Docket Item 108.  So the next day, the defendants moved for an extension of time to complete discovery.  Docket Item 109.  After Judge Schroeder extended the time to depose Booker through September 30, 2022, Docket Item 110, the defendants moved to compel Booker to appear for his deposition, Docket Item 111.  Booker then moved to vacate or, in the alternative, to stay Judge Schroeder's text order extending the time to depose him.  Docket Item 112.

As noted above, Judge Schroeder then resolved the pending motions, Booker appealed, and the parties briefed Booker's appeal.[2]

---

[2] While Booker's appeal was pending, the defendants moved to stay the deadline Judge Schroeder had set to conduct Booker's deposition, Docket Item 123, and Judge Schroeder granted that motion, Docket Item 124.

## LEGAL PRINCIPLES

"[A]ny appeal from a non-dispositive decision by a magistrate judge . . . is reviewed under a 'clearly erroneous or contrary to law' standard." *United States v. Williams*, 339 F. Supp. 3d 129, 132 (W.D.N.Y. 2018) (quoting 28 U.S.C. § 636(b)(1)(A)). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 132-33 (quoting *United States v. Feneziani*, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *Id.* at 133 (quoting *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013)).

## DISCUSSION

Booker seeks relief from the April 28 text order "in its entirety" because that order "failed to provide a finding of fact []or a conclusion of law, and doesn't give any reasons for rendering its determination [sic]." Docket Item 118 at ¶¶ 2, 5. And Booker is correct that the text order does not explain the reasons for Judge Schroeder's disposition of the then-pending motions. *See* Docket Item 117. But the fact that the April 28 text order is succinct does not by itself make it clearly erroneous. So in an attempt to show that Judge Schroeder clearly erred, Booker advances two arguments.

First, Booker alleges that the defendants moved ex parte for an extension of time to depose him. Docket Item 118 at 3. Therefore, he says, Judge Schroeder should not

4

have granted that motion and should have granted Booker's motion for reconsideration of the order granting that motion. *Id.* But the defendants' motion for an extension of time was not submitted ex parte: a certificate of service filed with the motion establishes that the defendants served a copy of the motion on Booker. *See* Docket Item 109-2. And while Booker describes the motion as "ex parte," he does not allege that he did not receive a copy of the motion. *See generally* Docket Items 118, 122. So Booker's argument that Judge Schroeder erroneously granted an ex parte motion lacks merit.

What is more, Booker knew very well—and previously suggested—that Judge Schroeder could extend discovery deadlines. *See* Docket Item 108 ("Absent a court order, I will not partake [in a deposition]."). That is exactly what Judge Schroeder did, and other than by alleging that the motion for an extension was filed ex parte, Booker does not say why that extension was improper. So this Court sees no reason to conclude that Judge Schroeder's extension of the deadline to depose Booker was clearly erroneous.

Second, Booker argues that Judge Schroeder should have granted his motion for sanctions and to compel discovery because the defendants did not oppose those motions. Docket Item 118 at 3 ("The defendants had not rebutted Booker's sworn declaration for his motion for sanctions [and] to compel in any capacity as they had not opposed his motion to the court [sic]."). Booker is correct that the defendants did not respond to those motions. But a court is not required to grant an unopposed motion. *See, e.g.*, *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("Even unopposed motions for summary judgment must fail where the undisputed facts fail to

show that the moving party is entitled to judgment as a matter of law." (citation and internal quotation marks omitted)).

Booker apparently believes that the defendants' disclosures were so deficient that they warranted not only a motion to compel but also a motion for sanctions. *See* Docket Item 113. Judge Schroeder disagreed. *See* Docket Item 117. Based on its review of the record, including Booker's discovery requests and the defendants' productions, this Court finds that Judge Schroeder did not abuse his discretion in reaching that conclusion. To the contrary, there is ample evidence—including thousands of pages of production—from which Judge Schroeder could conclude that the defendants had fulfilled their discovery obligations. Denying Booker's motion for sanctions and motion to compel therefore was not clearly erroneous.

Booker therefore has not met the heavy burden required to show that Judge Schroeder abused his discretion by granting the defendants' motion to compel, denying Booker's motions for reconsideration and to stay, and denying Booker's motions for sanctions and to compel. The April 28 text order therefore was not clearly erroneous.

## **CONCLUSION**

For the reasons stated above, the April 28 text order, Docket Item 117, is affirmed. The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of March 24, 2020, *see* Docket Item 41.

SO ORDERED.

Dated: June 16, 2023
       Buffalo, New York

                                                ***/s/ Lawrence J. Vilardo***
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE